UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-22148-Civ-KING/BANDSTRA

ALBAREDA, ROSSO, MALUJE, & NIES,
P.A., a Florida Corporation,

    Plaintiff/
    Counterclaim-Defendant,

v.

WESTPORT INSURANCE CORPORATION,
a Foreign Corporation authorized to do
business in Florida,

    Defendant/
    Counterclaim-Plaintiff.
_____/

## DECLARATORY DECREE

THIS CAUSE has come before the Court at the Status Conference on April 9, 2008, at which time this Court was duly advised and heard argument of Counsel. Being fully advised, the Court ORDERS, ADJUDGES AND DECREES that Declaratory Judgment is **GRANTED** in favor of Defendant, WESTPORT INSURANCE CORP. ("Westport"), and against Plaintiff, ALBAREDA, ROSSO, MALUJE & NILES, P.A. ("ARMN").

## BACKGROUND AND FACTS

ARMN's Complaint and Westport's Counterclaim for declaratory judgment arises from a claim brought against ARMN by Lotvestors, LLC ("Lotvestors"), which resulted in the lawsuit captioned *Lotvestors, LLC v. Catherine Yeardley Scott, Charles F. Scott, Kelly Tapp and Albareda, Rosso, Maluje & Nies, P.A.*, Case No. 06-378-PA, filed in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, Civil Division (the "Lotvestors

Action"). The claim arises out of work ARMN did as a title agent for a sale of real estate by Catherine Yeardley Scott and Charles F. Scott (the "Scotts") to Lotvestors.

The Lotvestors Action alleges that on or about August 12, 2005, Lotvestors and the Scotts entered into a Vacant Land Contract (the "Contract") for the sale and purchase of certain real estate in Charlotte County, Florida. The Lotvestors Action alleges that Lotvestors retained ARMN to handle the closing and issue title insurance in conjunction with the real estate transaction. The Lotvestors Action alleges, *inter-alia*, that ARMN was negligent in representing Lotvestors as the Title Agent and Lotvestors was allegedly damages as a result of that negligence. ARMN and Westport agree upon all of these facts.

### THE WESTPORT POLICY

Westport issued a claims-made and reported Lawyers Professional Liability Policy, no. WLW308004100802, to named insured Albareda, Rosso, Maluje & Niles, P.A. for the policy period April 18, 2006, to April 18, 2007, (the "Policy"). The Policy has a $1 million limit of liability per claim and in the aggregate, as well as a $5,000 deductible.

The Insuring Agreement of the Policy provides that Westport will provide coverage to the Insured under the following provision, which states in pertinent part:

> The Company will pay on behalf of any INSURED all LOSS in excess of the deductible which any INSURED becomes legally obligated to pay as a result of CLAIMS first made against any INSURED during the POLICY PERIOD and reported to the Company in writing during the POLICY PERIOD or within sixty (60) days thereafter, by reason of any WRONGFUL ACT occurring on or after the RETROACTIVE DATE, if any:

The Policy also contains the following relevant exclusion:

XIV.  EXCLUSIONS

> This POLICY shall not apply to any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from:

B. any act, error, omission, circumstance or PERSONAL INJURY occurring prior to the effective date of this POLICY if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission, circumstance or PERSONAL INJURY might be the basis of a CLAIM.

## ANALYSIS

As is apparent from a plain reading of the Policy, the Policy excludes coverage for "any act, error, omission, circumstance or PERSONAL INJURY occurring *prior to the effective date of this POLICY* if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission, circumstance or PERSONAL INJURY might be the basis of a CLAIM" (emphasis added). Accordingly, there is no coverage for the Lotvestors Action because Exclusion B of the Policy precludes coverage.

If the underlying lawsuit included any of the individual partners of ARMN, those partners may have coverage from Westport for the acts alleged. However, because that issue is not before this Court, no specific finding is made as to coverage under that scenario.

The parties are to bear their own attorney's fees and costs for this action.

DONE AND ORDERED in Chambers in the Southern District of Florida this 16 day of April, 2008.

*James Lawrence King*
James Lawrence King
Sr. United States District Judge

cc: Yasir Billoo, Esq.
William T. Brady, Esq.

3